**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wendell Dwayne O'Neal,

        Plaintiff,

v.

Shari Moore, St. Paul City Clerk;
Pete Crum, St. Paul Police Officer;
Yileng Vang, St. Paul Police Officer;
Nikkole Graupman, St. Paul Police
Officer; and the City of St. Paul,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 06-2336 ADM/JSM

_____

Wendell Dwayne O'Neal, *pro se*.

_____

**I. INTRODUCTION**

This matter is before the undersigned United States District Judge pursuant to Plaintiff Wendell Dwayne O'Neal's ("Plaintiff") Objections [Docket Nos. 56, 57][1] to Magistrate Judge Janie S. Mayeron's December 7, 2006 Report and Recommendation ("R&R") [Docket No. 54]. For the reasons set forth below, the Objections are overruled and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of Plaintiff's present Objections.

---

[1] Plaintiff first filed Objections on December 14, 2006, and then filed Supplemental Objections on December 18, 2006, and Exhibits Supporting Supplemental Objections [Docket No. 59] on December 26, 2006. The rules do not contemplate filings of multiple objections when it is clear that the party could have filed all of his objections at once. However, for the sake of completeness, Plaintiff's multiple Objections filings, all timely filed, will be considered.

## II. DISCUSSION[2]

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### A.     Motions for Remand

In her R&R, Magistrate Judge Mayeron concluded that original jurisdiction exists for Plaintiff's federal law claims and supplemental jurisdiction exists for Plaintiff's state law claims. R&R at 14-15. Judge Mayeron also found that none of the exceptions in 28 U.S.C. § 1367(c) apply to prevent the exercise of supplemental jurisdiction. Id. at 18. Accordingly, Judge Mayeron recommended that Plaintiff's Motions for Remand [Docket Nos. 7, 10] be denied. Id. This Court agrees with Judge Mayeron's analysis and conclusions regarding remand.

Although Plaintiff's Objections are somewhat hard to discern, Plaintiff appears to object to Judge Mayeron's jurisdictional analysis on the basis that there is no original jurisdiction, and his state law claims predominate over his federal claims. Objections at 2-3; see 28 U.S.C. §§ 1367(c)(2) ("The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."), 1441(c) (discussing district court's

---

[2] Judge Mayeron's fifty-page R&R is comprehensive, thorough, and well-supported. Because this Court largely agrees with Judge Mayeron's analysis and conclusions, and adopts her R&R, the Court finds no reason to reiterate Judge Mayeron's analysis in addressing Plaintiff's various Objections.

discretion to remand matters in which state law predominates).  The Court disagrees, and Plaintiff's objections are overruled.  Plaintiff has alleged claims based on 42 U.S.C. §§ 1981, 1982, 1985(3), 1986, 1988, and 2000, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Also, Plaintiff's state law claims do not predominate but rather, as Judge Mayeron concluded, are intertwined with his federal claims, and "are so related to [his federal claims] that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  No argument asserted has convinced this Court to decline supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's Motions for Remand are denied.

**B.     Motions for Sanctions**

In her R&R, Judge Mayeron concluded that Defendants' service of pleadings by mail to Plaintiff's last known address was proper and did not form a basis for sanctions.  R&R at 22.  She also concluded that a letter from Defendants to Plaintiff, informing Plaintiff that his Supplemental Complaint [Docket No. 19, Ex. A] violated the state and federal rules, and giving Plaintiff an opportunity to withdraw the Supplemental Complaint before Defendants moved to strike, presented no grounds for imposing sanctions.  Id. at 23-24.  Judge Mayeron further concluded that although Defendants should have filed Plaintiff's Supplemental Complaint with their Notice of Removal [Docket No. 1], their failure to do so did not constitute grounds for sanctions because there is no evidence that Defendants were attempting to defraud or conceal information from the court.  Id. at 25-26.  In addition, Judge Mayeron found that Plaintiff's allegations involving misrepresentations in the Notice of Removal did not provide a basis for imposing sanctions because Defendants did not misrepresent to the Court that Plaintiff's case

involves federal claims.  Id. at 26-27.  Finally, Judge Mayeron found that Plaintiff's Sanctions Motions [Docket Nos. 13, 19] should also be denied because Plaintiff failed to observe the safe harbor provision of Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure by filing his June 21, 2006 Motion for Sanctions on the same day that he served the Motion on Defendants.  Id. at 27.  The Court agrees with and adopts the conclusions of Judge Mayeron.

Plaintiff objects, arguing that Defendants improperly served their Notice of Removal; Defendants' letter regarding withdrawing or striking of Plaintiff's Supplemental Complaint was an improper threat with intent to deceive; and Plaintiff's case involves state law claims. Objections at 3-6.  Plaintiff argues that Defendants have provided no evidence that they served the Notice of Removal on him by mail.  However, Defendants have provided an affidavit of service, attesting that the Notice of Removal was served on Plaintiff by mail at his last known address in Madison, Wisconsin, on June 7, 2006.  Riley Aff. [Docket No. 30] Ex. A.  Plaintiff argues that he did not reside at the Madison address during 2006; however, Plaintiff used the same Madison address for his initial Summons and Complaint served on Defendants on May 16, 2006.  Notice of Removal Ex. A.  Defendants were also under no obligation to leave a copy of the Notice of Removal with the clerk of court because Defendants believed they were mailing the relevant documents to Plaintiff's last known address.

There is also no evidence that Defendants were attempting to conceal Plaintiff's Supplemental Complaint from the court.  Instead, the record suggests that Defendants believed Plaintiff's Supplemental Complaint to be improper under the rules, and therefore concluded they were under no obligation to file it with their Notice of Removal.  Although Plaintiff could have filed an amended complaint once as a matter of course without first obtaining permission from

the court pursuant to Rule 15.01 of the Minnesota Rules of Civil Procedure, Rule 15.04 of the Minnesota Rules of Civil Procedure requires a plaintiff to first obtain permission from a court before filing a supplemental pleading. It appears Plaintiff's Supplemental Complaint was intended to be a supplemental pleading rather than an amended pleading, since Plaintiff's original Complaint lists counts one through thirteen and Plaintiff's Supplemental Complaint commences with count fourteen. Plaintiff's Objections do not serve as a basis for imposing sanctions on Defendants, and Plaintiff's Objections are overruled. Plaintiff's Motions for Sanctions are denied.

C.   **Motions for Subpoena**

Judge Mayeron found Plaintiff's Motions for Subpoena [Docket Nos. 8, 36] for discovery purposes to be premature because the parties have not yet had a Rule 26(f) conference and have not agreed to expedited discovery. R&R at 29. Plaintiff does not object to this finding. Judge Mayeron's recommendation is adopted and Plaintiff's Subpoena Motions are denied.

D.   **Motion for Default Judgment**

Plaintiff filed a Motion for Default Judgment [Docket No. 18] on the theory that Defendants are in default for failing to answer Plaintiff's Supplemental Complaint. As an initial matter, Plaintiff filed his Default Motion after Judge Mayeron issued an Order [Docket No. 17] directing the parties not to file any other motions until the court had ruled on the motions already under advisement. Judge Mayeron recommends Plaintiff's Motion be denied for violating a court order. Id. In addition, Judge Mayeron recommends denial because there has been no judicial determination that Defendants are in default, and despite not answering Plaintiff's Supplemental Complaint, Defendants have not failed "to plead or otherwise defend" as is

required by Rule 55(a) of the Federal Rules of Civil Procedure.  Id. at 30.

Plaintiff objects, arguing that although Defendants did answer his original Complaint, Defendants have blatantly failed to answer his Supplemental Complaint, despite sufficient opportunity to do so.  Objections at 7.  The Court agrees with Judge Mayeron's recommendation that Plaintiff's Motion for Default Judgment be denied.  Plaintiff was directed to follow all orders issued by the court, which includes orders to cease filings.  In addition, although Defendants have not answered Plaintiff's Supplemental Complaint, as already discussed, Plaintiff's Supplemental Complaint was improperly filed and Defendants appropriately concluded they were not obligated to respond to it.  Defendants have answered Plaintiff's original Complaint, and have not failed to plead or otherwise defend.  Accordingly, Plaintiff's Objections are overruled, and Judge Mayeron's recommendations are adopted.

**E.      Plaintiff's Motion to File Additional Pleadings**

Judge Mayeron recommended Plaintiff's Motion to File Additional Pleadings [Docket No. 26] be denied, in light of Plaintiff's continual violations of Judge Mayeron's Orders [Docket Nos. 17, 46] not to file any more pleadings, documents, motions, or correspondence until the court rules on the motions currently under advisement.  R&R at 31.  Plaintiff does not raise any Objections to this recommendation.  Judge Mayeron's recommendation is adopted and Plaintiff's Motion to File Additional Pleadings is denied.

**F.      Motions for TRO/Protective Order/Injunctive Relief**

Plaintiff has filed multiple motions requesting temporary restraining orders ("TRO"), injunctions, and protective orders, concerning his various claims.  See Docket Nos. 3, 6, 9, 11, 12.  With respect to Plaintiff's claims pursuant to the Minnesota Government Data Practices Act

("MGDPA"), Judge Mayeron concluded that an injunction is inappropriate because it is not clear that Plaintiff has established the prerequisites for an injunction—that is, it is not clear from the evidence presented thus far that Defendants have violated or are continuing to violate the MGDPA. R&R at 34-35. Judge Mayeron also concluded that an injunction is unwarranted on Plaintiff's claim under 42 U.S.C. § 2000 because there is no evidence that Plaintiff has been denied access to a place of public accommodation based on race or religion. Id. at 49. With respect to Plaintiff's civil rights, obstruction of justice, and intentional infliction of emotional distress claims, Judge Mayeron considered the requisite factors, outlined in <u>Dataphase Systems, Inc. v. CL Systems, Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981), and found that Plaintiff's Motions should be denied. R&R at 35-48.

Judge Mayeron concluded that Plaintiff was unable to establish irreparable harm because his claims, if successful, are compensable by money damages, and Plaintiff's allegations of assaults and physical harm by Defendants are unsupported by any evidence. Id. at 36-37. Judge Mayeron found that Plaintiff was unlikely to succeed on the merits of any of his claims because they are unsupported by evidence. Id. at 38-47. Consideration of the balance of the harms led Judge Mayeron to conclude that the harm to Defendants if injunctive relief is granted outweighs the harm to Plaintiff if relief is denied because there is no evidence that Defendants are the cause of Plaintiff's various difficulties with mail tampering, physical assaults, housing discrimination, death threats, or other illegal acts. Id. at 47. Finally, Judge Mayeron concluded the public interest factor weighs in favor of denying injunctive relief. Id. at 48.

Plaintiff objects, arguing that his evidence clearly shows assaults and death threats against him perpetrated by Defendants; that Defendants and other government agencies refuse to

provide him certain records or have provided inaccurate or falsified information in violation of the MGDPA; that he is a Melanic American and therefore a member of a protected class; that Judge Mayeron failed to follow proper procedures; and that his evidence shows that an injunction should issue. Objections at 8-13; Supplemental Objections at 2-9. Plaintiff's Objections are unavailing.

As Judge Mayeron concluded, Plaintiff has failed to establish the prerequisites for an injunction to issue under either the MGDPA or 42 U.S.C. § 2000. Plaintiff has also failed to establish the Dataphase factors to support the issuance of an injunction as it relates to any of his other claims. Plaintiff has simply not established irreparable harm or a likelihood of success on the merits with respect to any of his claims. Plaintiff's evidence, consisting of copies of phone records, mail receipts, documents from other litigation, police records, and correspondence, fails to establish that Defendants are physically harming Plaintiff or violating Plaintiff's rights in some other irremediable way such that an injunction should issue. Consequently, Plaintiff's Objections are overruled, Judge Mayeron's recommendations are adopted, and Plaintiff's TRO/Injunction/Protective Order Motions are denied.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 54] is **ADOPTED**;

2. Plaintiff's Objections [Docket Nos. 56, 57] are **OVERRULED**;

3. Plaintiff's Motions for Remand [Docket Nos. 7, 10] are **DENIED**;

4. Plaintiff's Motions for Sanctions [Docket Nos. 13, 19] are **DENIED**;

5. Plaintiff's Motions for Subpoena [Docket Nos. 8, 36] are **DENIED**;

6. Plaintiff's Motion for Default Judgment [Docket No. 18] is **DENIED**;

7. Plaintiff's Motion to File Additional Pleadings [Docket No. 26] is **DENIED**; and

8. Plaintiff's Motions for TRO and/or Injunction [Docket Nos. 3, 6, 9, 11, 12] are **DENIED**.

BY THE COURT:

       s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 16, 2007.