UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wendell Dwayne O'Neal,

            Plaintiff,                           **MEMORANDUM OPINION**
                                                          **AND ORDER**
     v.                                       Civ. No. 06-2336 ADM/JSM

Shari Moore, St. Paul City Clerk;
Pete Crum, St. Paul Police Officer;
Yileng Vang, St. Paul Police Officer;
Nikkole Graupman, St. Paul Police
Officer; John Choi, St. Paul City
Attorney, and the City of St. Paul,

            Defendants.

_____

Wendell Dwayne O'Neal, *pro se*.

Judith A. Hanson, Esq., Assistant City Attorney, St. Paul, MN, on behalf of the Defendants.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Wendell Dwayne O'Neal's ("O'Neal") Objections [Docket No. 307] to Magistrate Judge Janie S. Mayeron's August 22, 2008 Report and Recommendation ("R&R") [Docket No. 306] granting Defendants' Motion for Summary Judgment [Docket No. 253]. O'Neal also filed a Second Motion for Summary Judgment [Docket No. 292], a Motion for a Continuance in the Summary Judgment matter [Docket No. 308], and a Motion for Permission to Commence Additional Data Practices Actions [Docket No. 311]. For the reasons set forth below, the Objections are overruled, the R&R is adopted, and O'Neal's Motions for a Continuance, Summary Judgment, and Permission to Commence Additional Data Practices Actions are denied. The procedural and factual background, described in the R&R, is incorporated by

reference for review of O'Neal's present Objections.

## II. DISCUSSION[1]

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Consistent with his robust and diligent pursuit of his claims, O'Neal has submitted twenty-one pages of Objections to Judge Mayeron's R&R. While the exact substance of some of these claims is not altogether clear, it appears O'Neal's Objections fall into three broad categories: (1) objections based on an incorrect understanding of the summary judgment standard; (2) objections as to the authenticity of two 911 dispatch records of August 15, 2005, based on a contention that Defendants falsified or manufactured those records to conceal their alleged wrongdoing; and (3) myriad objections to other aspects of the R&R that repeat the arguments raised in O'Neal's Memorandum in Opposition to Summary Judgment.

**A.     The Summary Judgment Standard Objections**

The majority of O'Neal's Objections revolve around a misunderstanding of the summary judgment standard. This misunderstanding manifests itself in two ways. The first is O'Neal's belief that because Judge Mayeron allowed him to amend his complaint to include additional

---

[1] Judge Mayeron's fifty-nine page R&R is comprehensive, thorough, and well supported. Because this Court agrees with Judge Mayeron's analysis and conclusions, and adopts her R&R, the Court finds no reason to reiterate Judge Mayeron's analysis in addressing O'Neal's various Objections but will attempt to clarify the analysis and conclusions to which O'Neal objects.

claims, the Court accepted those allegations as either true or sufficient to warrant a trial. The second misunderstanding is about when the Court finds facts and makes conclusions of law.

As Judge Mayeron explained in her Order [Docket No. 240] granting in part and denying in part O'Neal's Motion to Amend his Complaint [Docket No. 72], Federal Rule of Civil Procedure 15(a), allows leave to amend to be granted liberally if "justice so requires." Fed. R. Civ. P. 15(a). Judge Mayeron also stated the Eighth Circuit standard that, "[a]lthough we begin with the presumption of liberality, an amendment to a pleading can be successfully challenged on ground of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." Berczyk v. Emerson Tool Co., 291 F. Supp. 2d 1004, 1018 (D.Minn. 2003) (citing DeRoche v. All Amer. Bottling Corp., 38 F. Supp. 2d 1102, 1105 (D.Minn. 1998)). For this reason, Judge Mayeron used the standard for a motion to dismiss in allowing O'Neal to amend his Complaint.

The difference in the legal standard between a motion to dismiss and motion for summary judgment is large. For a motion to dismiss, a complaint will be dismissed "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). In contrast, Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986);

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party, however, may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). Key to the difference between these two standards is that for a motion to dismiss, a court will assume facts *might* exist that create a triable issue whereas to survive summary judgment a plaintiff must demonstrate in the record that these facts *do* exist to proceed to trial. Accordingly, O'Neal's allegations are sufficient to meet the motion to dismiss standard and thus allow for him to amend his Complaint, but because this standard is lower than the summary judgment standard, the granting of his Motion to Amend is not persuasive for purposes of determining whether he can withstand summary judgment.

Additionally, O'Neal seems to contend that because Judge Mayeron does not accept his allegations as sufficient to withstand summary judgment, she is inappropriately deciding questions of fact. The courts are clear on this point. O'Neal must present more than "mere allegations," and he has not done so. See Krenik, 47 F.3d at 957. O'Neal has failed to demonstrate on the record specific facts that create a genuine issue for trial and therefore as a matter of law Judge Mayeron correctly recommends that this Court grant Defendants' Motion for Summary Judgment. Because O'Neal's Objections are based on an inaccurate understanding of the summary judgment standard, they are rejected.

**B.     Authenticity of 911 Dispatch Records**

O'Neal also objects to summary judgment on the basis that there is a factual dispute

about whether Defendants falsified or manufactured evidence regarding the 911 dispatch records he requested from the August 15, 2005 incident.  Evidence demonstrates that O'Neal made two 911 phone calls from the Radisson lobby on that night and that he only received information about one of them.  Pl.'s Mem. in Opp'n to Summ. J. Ex. 22 [Docket No. 274] (Qwest subpoena request # 192782) and Ex. 23 (Qwest subpoena request # 196833).  Evidence in the record also demonstrates that Defendants did not learn about the second phone call until 2007, at which point the recordings had been recycled according to routine department procedure.  Hanson Aff. [Docket No. 257] Ex. 23 ¶¶ 11, 13, 14.

Judge Mayeron addresses this issue in detail in the R&R.  R&R at 26-29.  To the extent the Court can determine O'Neal has raised a new objection to the R&R on this issue, it would be that Defendant Moore should have known about the existence of two 911 phone calls based upon O'Neal's October 21, 2005 letter. Objections to R&R at 5.  A review of this letter does not provide any support for O'Neal's contention.  The October 21, 2005 letter requested information regarding City of St. Paul and St. Paul Police Department procedures and makes no reference to 911 calls.  Pl.'s Second Mot. For Summ. J. [Docket No. 292] Ex. 19.  For this reason, O'Neal's Objections on this issue are overruled.

**C.     O'Neal's Remaining Objections**

O'Neal's remaining Objections appear to restate the arguments in his Memorandum in Opposition to Summary Judgment.  Because O'Neal has not directed the Court to any evidence in the record not considered in Judge Mayeron's findings, this Court adopts them in their entirety.

**D.    O'Neal's Subsequent Pleadings**

O'Neal has also filed additional pleadings subsequent to his Objections including a Motion for Continuance and a Motion for Permission to Commence Additional Data Practices Actions.  In essence, these motions attempt to further litigate portions of this case relating to the Radisson incident and the 911 dispatch records of August 15, 2005.  Because Defendants' Motion for Summary Judgment is granted, O'Neal's Motion for Continuance is denied as moot. Additionally, O'Neal's Motion for Permission to Commence Additional Data Practices Actions is denied for the reasons stated in the R&R and this Order.  *Infra* at II.B.  The Court also reminds O'Neal of Judge Mayeron's March 13, 2008 Order [Docket No. 304] directing him not to file any further pleadings in this case without approval of the Court.  This prohibition includes all issues relating to the Radisson incident and the 911 dispatch records of August 15, 2005.  O'Neal is advised that any further litigation of these issues should be the subject of an appeal to the Eighth Circuit Court of Appeals.  O'Neal is directed to refrain from further filings or phone calls to this Court on the issues addressed in this Order.

## II.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 306] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 307] are **OVERRULED**;

3. Defendants' Motion for Summary Judgment [Docket No. 253] is **GRANTED**;

4. Plaintiff's Second Motion for Summary Judgment [Docket No. 292] is **DENIED**;

5. Plaintiff's Motion for Continuance [Docket No. 308] is **DENIED**;

6. Plaintiff's Motion for Permission to Commence Additional Data Practices Actions [Docket No. 311] is **DENIED**; and

7. Plaintiff is directed to refrain from further filings or phone calls to this Court on the issues addressed in this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 24, 2008.